**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
                                                           :
**ADRIEAN DELANEY, on behalf of**                          :
**himself and others similarly situated,**                 :    **Civil Action No.: 09 Civ. 01458 (WHP)**
                                                           :
                                   **Plaintiff,**          :
                                                           :
        **v.**                                             :
                                                           :
**GEISHA NYC, LLC d/b/a JAPONAIS,**                        :
**MIAE LIM, LESTER BURGHER,**                              :
**RICHARD WAHLSTEDT and JEFFREY**                          :
**BEERS,**                                                 :
                                                           :
                                   **Defendants.**         :
                                                           :
                                                           :
-----------------------------------------------------------x


## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................... i

**I.   PRELIMINARY STATEMENT** ........................................................ 1

**II.  BACKGROUND** ............................................................................ 2

**III. ARGUMENT** ................................................................................. 6

**A.  EARLY NOTICE TO 'SIMILARLY SITUATED' EMPLOYEES IS APPROPRIATE AND NECESSARY** ....................................................... 7

    **i.   Sending Expedited Notice to "Similarly Situated" Employees Fulfills the FLSA's Broad Remedial Purposes** ............................................................... 7

**B.  THE COURT SHOULD CERTIFY THE COLLECTIVE ACTION AND ORDER NOTICE** ........................................................................................ 9

    **i.   The Standard for Conditional Certification and Notice is Lenient** .......... 9

    **ii.  The Underlying Merits of the Case are Immaterial to the Determination of Conditional Certification and Notice** .............................................. 11

    **iii. Plaintiffs Have Made the Modest Factual Showing Required for Conditional Certification** .............................................................................. 12

**C.  DISCOVERY OF NAMES, ADDRESSES, TELEPHONE NUMBERS, AND SOCIAL SECURITY NUMBERS IS PROPER AND NECESSARY UNDER *HOFFMANN-LA ROCHE*** ............................................................... 13

**D.  THE PROPOSED NOTICE IS FAIR AND ADEQUATE** ...................... 14

**IV. CONCLUSION** ............................................................................. 16

## TABLE OF AUTHORITIES

### Cases

*Anglada v. Linens n' Things, Inc.*, No. 06 Civ. 12901, 2007 U.S. Dist. LEXIS 39105 (S.D.N.Y. Apr. 26, 2007) .................................................................................................. 9, 12, 13

*Ayres v. 127 Rest. Corp*, 12 F. Supp. 2d 305 (S.D.N.Y. 1998) ................................................ 3, 4, 6

*Braunstein v. E. Photographic Labs.*, 600 F.2d 335 (2d Cir. 1975) ................................................ 7

*Chung v. New Silver Palace Rest.*, 246 F. Supp. 2d 220 (S.D.N.Y. 2002) ........................... 3, 4, 5, 6

*Cook v. United States*, 109 F.R.D. 81 (E.D.N.Y. 1995) ................................................................ 8

*Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628 (S.D.N.Y. 2007) ................................... 7, 10, 13

*Diaz v. Scores Holding Co., Inc.*, No. 07 Civ. 8718, 2008 U.S. Dist. LEXIS 38248 (S.D.N.Y. May 9, 2008) ...................................................................................................................... 13

*Dumitrescu v. Mr. Chow Enters., Ltd.*, No. 07 Civ. 3601, 2008 U.S. Dist. LEXIS 49881 (S.D.N.Y. June 30, 2008) ........................................................................................... 11, 13

*Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. 2007) ...................... *passim*

*Foster v. Food Emporium*, No. 99 Civ. 3860, 2000 U.S. Dist. LEXIS 6053 (S.D.N.Y. Apr. 26, 2000) ........................................................................................................................... 8

*Gjurovich v. Emmanuel's Marketplace*, 282 F. Supp. 2d 91 (S.D.N.Y. 2003) ................... 9, 11, 14

*Hallissey v. Amer. Online, Inc.*, No. 99 Civ. 3785, 2008 U.S. Dist. LEXIS 18387 (S.D.N.Y. Feb. 19, 2008) ........................................................................................................................ 9

*Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989) ........................................................... 7

*Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997) ........................................... 8, 10, 12

*Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007) ...................... 8, 9, 10

*Khalil v. Original Homestead Rest., Inc.*, No. 07 Civ. 695, 2007 U.S. Dist. LEXIS 70372 (S.D.N.Y. Aug. 9, 2007) ............................................................................................. 10, 13

*Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346 (E.D.N.Y. 2008) ...................................... 11

*Lee v. ABC Carpet & Home*, 236 F.R.D. 193 (S.D.N.Y. 2006) ............................................. 10, 13

*Lee v. ABC Carpet & Home*, No. 00 Civ. 0984, 2008 U.S. Dist. LEXIS 38725 (S.D.N.Y. May 9, 2008) ........................................................................................................... 14

*Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357 (S.D.N.Y. 2007) .................................. 12

*Masson v. Ecolab, Inc.*, No. 04 Civ. 4488, 2005 U.S. Dist. LEXIS 18022 (S.D.N.Y. Aug. 17, 2005) ........................................................................................................... 11

*Mazur v. Olek Lejbzon & Co.*, No. 05 Civ. 2194, 2005 U.S. Dist. LEXIS 30321 (S.D.N.Y. Nov. 30, 2005) ........................................................................................................... 11

*Mentor v. Imperial Parking Sys., Inc.*, 246 F.R.D. 178 (S.D.N.Y. 2007) ................................ 9, 11

*Patton v. Thomson Corp.*, 264 F. Supp. 2d 263 (E.D.N.Y. 2005) ...................................... 8, 13, 14

*Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303 (S.D.N.Y. 1998) ........................................... 10, 13

*Sherrill v. Sutherland Global Servs., Inc.*, 487 F. Supp. 2d 344 (W.D.N.Y. 2007) ..................... 13

*Sipas v. Sammy's Fishbox, Inc.*, No. 05 Civ. 10319, 2006 U.S. Dist. LEXIS 24318 (S.D.N.Y. Apr. 24, 2006) ........................................................................................................... 10

*Toure v. Cent. Parking Sys. of N.Y.*, No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056 (S.D.N.Y. Sept. 28, 2007) ........................................................................................... 8, 9, 10, 12

*Wajcman v. Investment Corp. of Palm Beach*, No. 07 Civ. 80912, 2008 U.S. Dist. LEXIS 21939 (S.D. Fla. March 20, 2008) .................................................................................... 3, 5

*Young v. Cooper Cameron Corp.*, 229 F.R.D. 50 (S.D.N.Y. 2005) ............................................. 12

*Zhao v. Benihana, Inc.*, No. 01 Civ. 1297, 2001 U.S. Dist. LEXIS 10676 (S.D.N.Y. May 7, 2001) ........................................................................................................... 11. 13

## Statutes

29 U.S.C. § 203(m) .......................................................................................................... 2, 3

29 U.S.C. § 206 ...................................................................................................................... 2

29 U.S.C. § 216(b) ..................................................................................................... *passim*

29 U.S.C. § 255 ...................................................................................................................... 7

29 U.S.C. § 256(b) ................................................................................................................ 7

**Rules**

Fed. R. Civ. P. 23 ................................................................................................... 2, 7, 11

**Regulations**

12 N.Y. Comp. Codes R. & Regs. § 137-1.5 ................................................................. 2

## I.    PRELIMINARY STATEMENT

On February 18, 2009, Plaintiff Adriean Delaney[1] filed this lawsuit against Geisha NYC,

LLC d/b/a Japonais, Miae Lim, Lester Burgher, Richard Wahlstedt, and Jeffrey Beers

(collectively "Defendants" or "Japonais") seeking unpaid wages under the Fair Labor Standards

Act ("FLSA") and New York law.  Plaintiff brought the FLSA claim on behalf of himself and all

non-exempt persons employed by Japonais in a tipped position ("Covered Employees") within

the last three years ("FLSA Period").  The Complaint alleges that Defendants (1) failed to pay

Covered Employees the proper minimum wage under the FLSA and New York Labor Law

("NYLL"); (2) unlawfully retained portions of Covered Employees' tips in violation of the

NYLL; (3) failed to pay Covered Employees the spread of hours premium required by New York

law on workdays lasting longer than ten (10) hours; and (4) failed to compensate Covered

Employees for the cost of their uniforms or provide them with a laundry premium as required by

New York law.

By this motion[2], Plaintiffs seek the following:

(1)    Conditional certification of the FLSA claim as a representative collective action

pursuant to 29 U.S.C. § 216(b).[3]

---

[1] Since Plaintiff commenced this action, seven other individuals have opted-in to the lawsuit as party plaintiffs.  Plaintiff and the other opt-ins are hereafter referred to as "Plaintiffs."

[2] In support of this motion, Plaintiffs submit the Declaration of Denise Schulman ("Schulman Decl.), attaching thereto as Exhibit 1 the proposed Notice ("Schulman Ex. 1"), as Exhibit 2 the proposed consent to sue form ("Schulman Ex. 2"), as Exhibit 3 Defendants' managers' schedules for the weeks beginning December 11, 2006 and June 11, 2007 ("Schulman Ex. 3"), as Exhibit 4 Defendants' tip-out sheets for the weeks beginning December 11, 2006 and June 11, 2007 ("Schulman Ex. 4"), and as Exhibit 5 an e-mail from Benjamin Weber to John Sweiss ("Schulman Ex. 5"); the Declaration of Adriean Delaney ("Delaney Decl."); the Declaration of Marc-Marie Duverger ("Duverger Decl."); the Declaration of James Feld, attaching thereto as Exhibit 1 declarant's paystub ("Feld Ex. 1"); the Declaration of Stephanie Powell ("Powell Decl."); and the Declaration of Benjamin Weber ("Weber Decl.").

(2)    Court-facilitated notice of this FLSA action to Covered Employees, including a

consent form (or opt-in form) as authorized by the FLSA.

(3)    Approval of the proposed FLSA notice of this action and the consent form.

(4)    Production of names, last known mailing addresses, alternate addresses, telephone

numbers, Social Security numbers, and dates of employment of all Covered Employees.

(5)    Posting of the Notice, along with consent forms, in a conspicuous location in

Japonais Restaurant.

## II.    **BACKGROUND**

Defendants collectively own and operate Japonais Restaurant in Manhattan.  Plaintiffs

have worked as tipped employees at Japonais within the last three years.

Defendants systematically pay Plaintiffs and all other Covered Employees pursuant to

federal and state tip credits that entitle restaurant employers to pay tipped employees a lower

minimum wage as long as the employees earn a certain amount in tips.  29 U.S.C. § 203(m); 12

N.Y. Comp. Codes R. & Regs. § 137-1.5; (Delaney Decl. ¶ 2; Duverger Decl. ¶ 2; Feld Decl. ¶

2; Feld Ex. 2; Powell Decl. ¶ 2; Weber Decl. ¶ 2.).  Currently, the federal minimum wage for

food service workers who receive tips is $2.13 per hour, as opposed to the regular minimum

wage of $6.55 per hour.  29 U.S.C. §§ 203(m), 206.  The current New York minimum wage for

tipped food service workers is $4.60 per hour, as opposed to the regular minimum wage of $7.15

per hour.  12 N.Y. Comp. Codes R. & Regs. § 137-1.5.

Under the FLSA, an employer of tipped employees must pay its employees the full

hourly minimum wage *unless* the employer satisfies certain requirements, in which case the

employer may pay a lower direct cash wage.  To avail itself of the tip credit, (1) the hourly rate

---

[3] Plaintiffs do not currently seek class certification of their state law claims under Fed. R. Civ. P.
23 ("Rule 23").

actually paid plus the employee's tips must equal or exceed the federal minimum wage; and (2) the employee must retain all tips received, although she may pool her tips with employees "who customarily and regularly receive tips." 29 U.S.C. § 203(m) (stating that the tip credit "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips").

If a tip pool includes a manager or employees who do not customarily and regularly receive tips, the employer may not take a tip credit and must pay its employees the full minimum wage. *Id.*; *Chung v. New Silver Palace Rest.*, 246 F. Supp. 2d 220, 230 (S.D.N.Y. 2002) ("The taking of shares of waiters tips by [persons] with managerial authority . . . violates the statutory condition that 'all tips' received by the waiters and busboys be 'retained' by the waiters and busboys."); *Ayres v. 127 Rest. Corp*, 12 F. Supp. 2d 305, 308-309 (S.D.N.Y. 1998) (finding that as Defendant's manager "was not an employee 'who customarily and regularly received tips,'" he could not be part of the tip pool); *Wajcman v. Investment Corp. of Palm Beach*, No. 07 Civ. 80912, 2008 U.S. Dist. LEXIS 21939, at *9 n.1 (S.D. Fla. March 20, 2008) ("[T]he practice of forced sharing of tips with management is an illegal practice, regardless of whether the members of management are also engaged in services that could be the subject of tipping. This type of tip sharing is deemed to violate the statutory condition that 'all tips' received by the employees be 'retained' by the 'employees.'").

Here, Japonais requires its tipped employees to participate in a mandatory tip pool arrangement. (Duverger Decl. ¶ 3; Feld Decl. ¶ 2; Powell Decl. ¶ 3; Weber Decl. ¶ 3.) The terms of the tip pool are created and enforced by the restaurant's management and apply equally

3

to all Covered Employees. (Delaney Decl. ¶¶ 4, 17; Duverger Decl. ¶¶ 3, 5, 18; Feld Decl. ¶¶ 3, 4, 18; Powell Decl. ¶¶ 3, 19; Weber Decl. ¶¶ 3, 5, 17.)  This tip pool is illegal because it includes managerial employees and/or non-service employees who do not customarily and regularly receive tips from customers. *Chung*, 246 F. Supp. 2d at 229 (invalidating a tip pool in which management participated); *see also* (Delaney Decl. ¶ 3; Duverger Decl. ¶ 5; Feld Decl. ¶ 5; Weber Decl. ¶ 5; Powell Decl. ¶ 5.).

Plaintiffs have identified specific managers who illegally participated in the tip pool, namely, Ference Dominguez, Jerrad Ruiz, Roger Alcain, Kana Soto, Anna Maria Poveda Garces, Humberto (Gino) De La Hoz, John Sweiss, and Nadir Nadir. (Delaney Decl. ¶ 6; Duverger Decl. ¶ 7; Feld Decl. ¶ 7; Powell Decl. ¶ 6; Weber Dec. ¶ 6.)  In determining whether an individual is a manager, courts consider, *inter alia*, whether he or she has hiring and firing authority, supervises staff, sets schedules, and grants time off. *Chung*, 246 F. Supp. 2d at 223 (stating that "the authority to hire and fire employees [and] set work schedules" are managerial in nature); *Ayres*, 12 F. Supp. 2d at 308 & n.1 (stating that managerial duties include hiring, firing, suspending, and supervising employees, and citing with approval a decision under the National Labor Relations Act  finding that supervisors who, *inter alia*, interviewed applicants and approved time off were the employer's agents).  The individuals Plaintiffs identified as managers had and exercised the authority to do all of these things.

Defendants' own schedules list Messrs. Dominguez, Ruiz, Nadir, and Sweiss, as well as Ms. Sato and Ms. Poveda Garces, as Maitre D'/Managers. (Schulman Ex. 3.)  These same individuals are included on Japonais' tip-out sheet, which clearly show that they receive tips. (Schulman Ex. 4.)  Mr. De La Hoz informed opt-in Plaintiff Stephanie Powell that these individuals are listed as captains as opposed to managers on the tip out sheets so that they could

4

receive tips. (Powell Decl. ¶ 5.) Mr. De La Hoz's business card stated that he was a manager, reflecting his actual position. (*Id.*) These individuals' duties show that they were, in fact, managers.

These managers had hiring and firing authority, which they exercised routinely. (Delaney Decl. ¶¶ 8-9; Duverger Decl. ¶¶ 9-10; Feld Decl. ¶¶ 9-10; Powell Decl. ¶¶ 9-10; Weber Decl. ¶¶ 8-9.) All of the managers disciplined employees, supervised floor activity, assigned Covered Employees to specific sections, dealt with customer complaints, conducted pre-shift meetings, and had scheduling authority. (Delaney Decl. ¶¶ 10-16; Duverger Decl. ¶¶ 11-17; Feld Decl. ¶¶ 11-17; Powell Decl. ¶¶ 11-17; Weber Decl. ¶¶ 11-16.) Managers only rarely engaged in direct customer service; such activities were done on an as-needed basis and were merely incidental to their managerial duties. (Delaney ¶ 7; Duverger ¶ 8; Feld ¶ 8; Powell ¶ 8). *Wajcman*, 2008 U.S. Dist. LEXIS 21939, at *8, 12 (stating that an employee who customarily and regularly receives tips is one who has "more than *de minimis* service interaction with customers" and that the court must "look[] to both the quantity and quality of customer interaction"); *cf. Chung*, 246 F. Supp. 2d at 229 ("[T]he practice of forced sharing of tips with management is . . . an illegal practice, regardless of whether the members of management were engaged in restaurant services that could be the subject of tipping.").

Plaintiffs' declarations identify numerous specific examples of managers exercising their managerial power by supervising and disciplining employees and controlling their schedules. For example, Mr. Dominguez and Mr. Ruiz terminated an employee named Kenta Goto, and Ms. Poveda Garces fired a lounge server named Josh. (Delaney Decl. ¶ 9; Duverger Decl. ¶ 10; Powell Decl. ¶ 10.) Mr. Dominguez disciplined opt-in Plaintiff Marc-Marie Duverger on numerous occasions. (Duverger Decl. ¶ 11.) Mr. Dominguez, Ms. Sato, and Mr. Ruiz all

disciplined opt-in Plaintiff James Feld, and Ms. Poveda Garces and Mr. Nadir wrote up a lounge server named Erica Phillips. (Feld Decl. ¶ 11; Powell Decl. ¶ 11.) Plaintiffs made requests for time off to Ms. Poveda Garces, Mr. De La Hoz, Mr. Ruiz, and Mr. Sweiss, all of whom had authority to grant or deny these requests. (Schulman Ex. 5; Powell Decl. ¶ 17; Duverger Decl. ¶ 17; Feld Decl. ¶ 17.)

Because managers participated in the tip pool throughout the liability period, Defendants wrongfully compensated Covered Employees at a lower rate than the federal minimum wage. (Delaney Decl. ¶ 2; Duverger Decl. ¶ 2; Feld Decl. ¶ 2; Feld Ex. 1; Powell Decl. ¶ 2; Weber Decl. ¶ 2.) By permitting management to participate in the tip pool, Defendants have lost their right to the federal tip credit. *Chung*, 246 F. Supp. 2d at 230; ("The taking of shares of waiters' tips by [persons] with managerial authority . . . violates the statutory condition that "all tips" received by the waiters and busboys be 'retained by the waiters and busboys.'"); *Ayres*, 12 F. Supp. 2d at 309 ("Because [a manager who participated in the tip pool] 'd[id] not qualify for the tip credit . . ., tips received by plaintiffs may not be considered as part of wages paid to them for purposes of satisfying defendant's minimum wage obligations.'") (citation omitted).

## III.    ARGUMENT

To protect putative collective action members' rights and interests, and to promote judicial economy and effective case management, the Court should approve notice to be distributed to all Covered Employees. Notice is appropriate at this early, pre-disclosure, pre-discovery stage of the case because the initial pleadings and preliminary evidence show that all Covered Employees are similarly situated. They all worked as tipped employees at Japonais, they were all paid less than the federal minimum wage, they were all required to pool their tips, and their were all forced to share their tips with Japonais' management. Thus, they "together

6

were victims of a common policy or plan that violated the law." *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 633 (S.D.N.Y. 2007) (internal quotation omitted).

## A. EARLY NOTICE TO 'SIMILARLY SITUATED' EMPLOYEES IS APPROPRIATE AND NECESSARY

The FLSA contemplates the maintenance of collective actions by similarly situated employees for an employer's violation of the provisions requiring payment of the minimum wage. 29 U.S.C. § 216(b). Such collective actions are favored under the law because they benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact" and provide employees with the opportunity to "lower individual costs to vindicate rights by the pooling of resources." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Braunstein v. E. Photographic Labs.*, 600 F.2d 335, 336 (2d Cir. 1975); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007). The alternative, a multitude of virtually identical individual suits, would burden courts unnecessarily and risk inconsistent judgments on claims arising from the same events and brought under the same laws.

### i. Sending Expedited Notice to "Similarly Situated" Employees Fulfills the FLSA's Broad Remedial Purposes

Expedited notice is critical in FLSA actions. Unlike absent class members in a Rule 23 class action, potential class members in an FLSA collective action must affirmatively consent (or "opt in") to be covered by the suit. 29 U.S.C. § 216(b). The statute of limitations continues to run on each individual's claim until he or she files a written consent form with the Court. 29 U.S.C. §§ 255, 256(b). To insure that the rights protected by the FLSA do not grow stale through lack of knowledge, the Supreme Court has held that courts have broad authority to facilitate early notice of the existence of the lawsuit to potential opt in plaintiffs. *Hoffmann-La Roche*, 493 U.S. at 170. Notice to putative class members should be given as soon as possible

since, because of the statute of limitations, "potential plaintiffs may be eliminated as each day goes by." *Foster v. Food Emporium*, No. 99 Civ. 3860, 2000 U.S. Dist. LEXIS 6053, at *5 (S.D.N.Y. Apr. 26, 2000); *see also Cook v. United States*, 109 F.R.D. 81, 83 (E.D.N.Y. 1995) ("Certainly, it is unlikely that Congress, having created a procedure for representative action, would have wanted to prevent the class representative from notifying other members of the class that they had a champion.") (internal quotation marks and citation omitted). Thus, early distribution of a notice of pendency is crucial in an FLSA collective action.

The Court need not and should not delay the sending of notice until the completion of discovery. *Toure v. Cent. Parking Sys. of N.Y.*, No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056, at *8 (S.D.N.Y. Sept. 28, 2007) (Pauley, J.) (ordering notice under 29 U.S.C. § 216(b) where only limited discovery had taken place); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007) ("The court is not obliged to wait for the conclusion of discovery before it certifies the collective action and authorizes notice."); *Patton v. Thomson Corp.*, 264 F. Supp. 2d 263, 267-68 (E.D.N.Y. 2005) (ordering notice before full discovery in order to "facilitate[] the [FLSA]'s broad remedial purpose . . . promot[e] efficient case management . . . [and] preserve and effectuate the rights of potential plaintiffs whose claims might otherwise become time-barred during the discovery phase of the case") (internal citations omitted); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997) (ruling that the Court need not "wait for defendant to complete its discovery before authorizing class notice. To the contrary, courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management"). In lieu of discovery, courts rely upon allegations in a complaint and employee declarations to determine

8

whether plaintiffs and potential opt in collective members are similarly situated. *E.g., Gjurovich v. Emmanuel's Marketplace*, 282 F. Supp. 2d 91, 104 (S.D.N.Y. 2003).

## B. THE COURT SHOULD CERTIFY THE COLLECTIVE ACTION AND ORDER NOTICE

### i. The Standard for Conditional Certification and Notice is Lenient

"Courts generally determine the appropriateness of class certification at two stages: first, on the initial motion for conditional class certification, and second, after discovery." *Fasanelli*, 516 F. Supp. 2d at 321. At the first stage, "courts utilize a lenient evidentiary standard in assessing whether the Plaintiff has presented sufficient evidence to demonstrate that a prospective class of member plaintiffs is similarly situated to the named Plaintiff." *Anglada v. Linens n' Things, Inc.*, No. 06 Civ 12901, 2007 U.S. Dist. LEXIS 39105, at *11 (S.D.N.Y. Apr. 26, 2007); *Mentor v. Imperial Parking Sys., Inc.*, 246 F.R.D. 178, 181 (S.D.N.Y. 2007) (Pauley, J.). Under this lenient standard, a court will certify a class as a collective action and order notice to potential class members where "the plaintiff satisfies the minimal burden of showing that the similarly situated requirement is met" based on the pleadings and declarations. *Iglesias-Mendoza*, 239 F.R.D. at 367 (internal quotation omitted). Upon certification, "[p]otential class members are then notified and provided with the opportunity to opt in to the action." *Id.*

To prevail on a motion for conditional certification, Plaintiffs need only make a "modest factual showing" that they "are similarly situated *with respect to their allegations that the law has been violated.*" *Hallissey v. Amer. Online, Inc.*, No. 99 Civ. 3785, 2008 U.S. Dist. LEXIS 18387, at *6 (S.D.N.Y. Feb. 19, 2008) (internal quotation omitted) (emphasis in original). Plaintiffs must demonstrate that there is a "factual nexus between the [named plaintiff's] situation and the situation of other current and former [employees]." *Toure*, 2007 U.S. Dist. LEXIS 74056, at *6 (internal quotation omitted, alterations in original); *see also Mentor*, 246

F.R.D. at 181; *Fasanelli*, 516 F. Supp. 2d at 321. Plaintiffs meet their burden where putative

collective members "together were victims of a common policy or plan that violated the law[,]"

*Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006) (internal quotation omitted),

such as when they are all "employees of the same restaurant enterprise and allege the same types

of FLSA violations." *Fasanelli*, 516 F. Supp. 2d at 322; *see also Toure*, 2007 U.S. Dist. LEXIS

74056, at *6 (stating that a plaintiff need only make a "modest factual showing" of similarity to

satisfy the "relatively lenient evidentiary standard"); *Cuzco*, 477 F. Supp. 2d at 632-33 (plaintiff

satisfied "minimal burden" by making "modest factual showing"); *Iglesias-Mendoza*, 239 F.R.D.

at 367-68 ("[P]laintiffs can satisfy the 'similarly situated' requirement by making 'a modest

factual showing . . . that they and potential plaintiffs together were victims of a common policy

or plan that violated the law.'") (quoting *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306

(S.D.N.Y. 1998)); *Mazur v. Olek Lejbzon & Co.*, No. 05 Civ. 2194, 2005 U.S. Dist. LEXIS

30321, at *15 (S.D.N.Y. Nov. 30, 2005) (plaintiffs "face only a very limited burden); *Hoffmann*,

982 F. Supp. at 261 ("The burden on plaintiffs is not a stringent one, and the Court need only

reach a preliminary determination that potential plaintiffs are 'similarly situated.'").

Allegations in the pleadings and a few declarations are sufficient to make this modest

factual showing. *See, e.g.*, *Khalil v. Original Homestead Rest., Inc.*, No. 07 Civ. 695, 2007 U.S.

Dist. LEXIS 70372, at *3 (S.D.N.Y. Aug. 9, 2007) (certifying collective action based upon

complaint and one affidavit); *Sipas v. Sammy's Fishbox, Inc.*, No. 05 Civ. 10319, 2006 U.S. Dist.

LEXIS 24318, at *8 (S.D.N.Y. Apr. 24, 2006) (certifying collective action based upon complaint

and three affidavits); *Mazur*, 2005 U.S. Dist. LEXIS 30321, at *17-18 (finding three affidavits

sufficient to order notice to employees in seven classifications who worked for four different

corporations); *Zhao v. Benihana, Inc.*, No. 01 Civ. 1297, 2001 U.S. Dist. LEXIS 10676, at *2

10

(S.D.N.Y. May 7, 2001) (certifying based upon one affidavit founded on plaintiff's "best knowledge").

Unlike a Rule 23 class action, a § 216(b) collective action requires no "showing of numerosity, typicality, commonality and representativeness . . . as a pre-requisite to approval." *Mazur*, 2005 U.S. Dist. LEXIS 30321, at *12 (internal quotation omitted); *see also Masson v. Ecolab, Inc.*, No. 04 Civ. 4488, 2005 U.S. Dist. LEXIS 18022, at *37 (S.D.N.Y. Aug. 17, 2005). The lenient standard for certification and notice under § 216(b) is justified because "[t]he ultimate determination regarding the merits of the case, and whether the class is properly situated – which requires a more 'stringent' inquiry – is made later in the litigation process, after more thorough discovery." *Gjurovich*, 282 F. Supp. 2d at 105; *see also Dumitrescu v. Mr. Chow Enters., Ltd*, No. 07 Civ. 3601, 2008 U.S. Dist. LEXIS 49881, at *11 (S.D.N.Y. June 30, 2008) (noting that after discovery a court "review[s] the collective action certification more rigorously"). Plaintiffs in this case have easily met the lenient standard for certification and notice at this early, pre-discovery stage.

### ii. The Underlying Merits of the Case are Immaterial to the Determination of Conditional Certification and Notice

Although Plaintiffs are confident that they will successfully establish that Defendants failed to properly compensate the Covered Employees under the FLSA, a discussion of the underlying merits is unnecessary and inappropriate at this time: "[t]he standard in this circuit is clear; the merits of plaintiffs' claim are not at issue in a motion for conditional certification." *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 354 (E.D.N.Y. 2008); *see also, e.g., Mentor*, 246 F.R.D. at 181 (stating that "the merits of a plaintiff's claims need not be evaluated and discovery need not be completed to approve and disseminate a § 216(b) notice"); *Fasanelli*, 516 F. Supp. 2d at 322 ("To the extent that Defendants['] opposition relies on a detailed factual

11

dispute about whether the Defendants maintained an 'illegal off-the clock' policy, 'illegal tip retention' policy, or fail to pay the minimum wage, that inquiry is misplaced as those issues go to the merits of the case."); *Toure*, 2007 U.S. Dist. LEXIS 74056, at *6 (stating that at the conditional certification stage "the merits of a plaintiff's claims need not be evaluated"); *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations."); *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (finding that "[t]he focus . . . is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are 'similarly situated'"); *Hoffmann*, 982 F. Supp. at 262 ("[T]he Court need not evaluate the merits of plaintiffs' claims in order to determine that a definable group of 'similarly situated' plaintiffs can exist here."). Any merits-based argument "is an improper ground on which to base a denial of a motion to certify conditionally an FLSA collective action[.]" *Anglada*, 2007 U.S. Dist. LEXIS 39105, at *20. Rather, the proper inquiry is merely "whether the putative class alleged by Plaintiffs is similarly situated based on the pleadings and any affidavits." *Fasanelli*, 516 F. Supp. 2d at 321.

### iii. Plaintiffs Have Made the Modest Factual Showing Required for Conditional Certification

Here, Plaintiffs have made far more than a modest factual showing that they and Covered Employees are similarly situated. At this early stage of the case, a total of eight people have asserted the allegations in the Complaint against Defendants by joining or opting in to the lawsuit. Plaintiffs have submitted declarations from five Japonais employees who suffered from the same wage and hour violations. Plaintiffs' detailed allegations in the Complaint and declarations, as well as documentary evidence, show that all Covered Employees were subject to the same tip pool system in which managers wrongfully participated. If proven, these allegations

12

establish that Defendants maintain illegal policies and practices that similarly affect all tipped employees at Japonais.

In fact, the very nature of an illegal tip pool necessarily creates a group of similarly situated employees – all the proper participants in the tip pool whose FLSA tip credit was destroyed by having to share tip with managers and/or other non-service employees – who are entitled to recover their misappropriated tips and unpaid tip credit differential. Thus, courts have frequently certified for collective action cases where individuals allege that their employers were not entitled to the federal credit because the employers' mandatory tip pools included inappropriate individuals. *E.g.*, *Dumitrescu*, 2008 U.S. Dist. LEXIS 49881, at *14-15; *Diaz v. Scores Holding Co., Inc.*, No. 07 Civ. 8718, 2008 U.S. Dist. LEXIS 38248, at *11-14 (S.D.N.Y. May 9, 2008); *Fasanelli*, 516 F. Supp. 2d 317, 321-22; *Khalil*, 2007 U.S. Dist. LEXIS 70372, at *3; *Zhao*, 2001 U.S. Dist. LEXIS 10678, at *7-12; *Realite*, 7 F. Supp. 2d at 307 & n.2. Accordingly, certification is appropriate here.

### C. DISCOVERY OF NAMES, ADDRESSES, TELEPHONE NUMBERS, AND SOCIAL SECURITY NUMBERS IS PROPER AND NECESSARY UNDER § 216(b)

It is appropriate for courts in collective actions to order the discovery of names and contact information of potential collective members. *E.g.*, *Lee*, 236 F.R.D. at 202; *Fasanelli*, 516 F. Supp. 2d at 323-24; *Cuzco*, 477 F. Supp. 2d at 637; *Sherrill v. Sutherland Global Servs., Inc.*, 487 F. Supp. 2d 344, 350 (W.D.N.Y. 2007); *Patton*, 364 F. Supp. 2d at 268. "Courts within this Circuit routinely grant plaintiffs' motion to compel production of the names and addresses of potentially similarly situated employees who may wish to 'opt-in' to a collective action." *Anglada*, 2007 U.S. Dist. LEXIS 39105, at *22.

13

Plaintiffs therefore request that, in addition to entering an order granting conditional certification and approving Plaintiffs' proposed notice, the Court order Defendants to produce within ten days of its Order a computer-readable list of all non-managerial, tipped employees who were employed at Japonais at any point in the three years prior to the entry of the Order with the following information: name, last known mailing address, alternate address (if any), all known telephone numbers, Social Security number, and dates of employment.

Plaintiffs seek the Social Security numbers of Covered Employees that that Plaintiffs' counsel can perform a skip trace for all notices returned as undeliverable because of a change of address. Based on Plaintiffs' counsel's experience, a large percentage of consent forms are typically returned as undeliverable, and the only way to locate these employees is to perform a search by Social Security number. (Schulman Decl. ¶ 2.) Plaintiffs are willing to execute a stipulation of confidentiality regarding the numbers. *See Patton*, 364 F. Supp. 2d at 268 (requiring defendant to produce Social Security numbers of putative collective members subject to entry of a confidentiality agreement).

### D. THE PROPOSED NOTICE IS FAIR AND ADEQUATE

Attached as Exhibit 1 to the Schulman Declaration is Plaintiffs' proposed judicial notice. The proposed notice provides clear instructions on how to opt in and accurately states the prohibition against retaliation or discrimination for participation in an FLSA action. The Supreme Court specifically left the "content details of a proposed notice under § 216(b) . . . to the broad discretion of the trial court." *Lee v. ABC Carpet & Homes*, No. 00 Civ. 0984, 2008 U.S. Dist. LEXIS 38725, at *3-4 (May 9, 2008); *see also Gjurovich*, 282 F. Supp. 2d at 106. "When exercising its broad discretion to craft appropriate notices in individual cases, District Courts consider the overarching policies of the collective suit provisions" and ensure that

putative plaintiffs receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Fasanelli*, 516 F. Supp. 2d at 323. The proposed notice achieves the goal of providing potential opt ins with accurate and timely notice concerning the pendency of the collective action and should be adopted.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court conditionally certify their FLSA claim as a collective action, approve notice to be sent to all Covered Employees, and order Defendants to produce the names, addresses, telephone numbers, and Social Security numbers of all Covered Employees.

Dated: June 26, 2009
     New York, New York

    By:    /s/ Denise A. Schulman
           D. Maimon Kirschenbaum (DK-2448)
           Denise A. Schulman (DS-8066)

           JOSEPH, HERZFELD, HESTER &
           KIRSCHENBAUM
           757 Third Avenue
           25th Floor
           New York, NY 10017
           212-688-5640

           *Attorneys for Plaintiffs, proposed collective members, and putative class members*