UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
      :
ADRIEAN DELANEY *on behalf of*
*himself and others similarly situated*   :

                  Plaintiffs,    :    09 Civ. 1458 (WHP)

          -against-            :    <u>MEMORANDUM AND ORDER</u>

GEISHA NYC, LLC et al,       :

                 Defendants.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

        Plaintiff Adriean Delaney brings this Fair Labor Standards Act ("FLSA") collective action and New York labor law class action against Geisha NYC, LLC, which operates Japonais, a New York City restaurant, Miae Lim, Lester Burgher, Richard Wahlstedt, and Jeffrey Beers (collectively "Defendants"). Since Plaintiff commenced this action, nine individuals have opted-in to the lawsuit (collectively with Delaney "Plaintiffs"). Plaintiffs move for: (1) conditional certification of the FLSA claim on behalf of all non-exempt employees, who were employed by Japonais in tipped positions within the last three years (the "Covered Employees"); (2) court-facilitated notice of the FLSA action; (3) approval of the proposed FLSA notice; (4) an order directing Defendants to produce names, last known mailing addresses, alternate addresses (if any), all known telephone numbers, Social Security numbers, and dates of employment for all Covered Employees; and (5) an order directing Defendants to post the notice at each location where Covered Employees are employed. For the following reasons, Plaintiffs' motion is granted in part and denied in part.

## BACKGROUND

For the purposes of this motion, the Court accepts the following facts as true. When Japonais opened in July 2006, it employed a tip pool system, whereby all tips were pooled and then distributed to employees entitled to receive them. (Declaration of Sandy Park dated July 13, 2009 ("Park Decl.") ¶ 6.) At the request of servers, Japonais switched to a tip-out policy one month later. (Park Decl. ¶ 7.) Under that policy, each individual server takes home 53% of his or her tips from the dinner shift and 66% of tips from the lunch shift. (Park Decl. ¶ 8.) The remainder of tips are shared among all other tipped employees and paid out with those employees' paychecks. (Park Decl. ¶ 8.) The amount the other employees receive varies depending on their position and whether the server worked in the restaurant's dining room or the lounge area. (Park Decl. ¶ 8.) Bartenders at the restaurant's public bar also receive tips directly from customers, but tip-out into a separate "bar-only" pool. (Park Decl. ¶ 8.) They retain 70% of those tips, with 25% going to barbacks and 5% to food runners, if food is ordered at the bar. (Park Decl. ¶ 8.)

Plaintiffs, who were tipped employees at Japonais required to participate in the mandatory tip pool, assert that managerial employees and non-service employees who do not "customarily and regularly receive tips" shared in the tip pool. (Complaint dated Feb. 18, 2009 ¶ 23; Declaration of Adriean Delaney dated June 19, 2009 ("Delaney Decl.") ¶¶ 4-5; Declaration of Marc-Marie Duverger dated June 9, 2009 ("Duverger Decl.") ¶¶ 5-6; Declaration of James Feld dated June 9, 2009 ("Feld Decl.") ¶¶ 5-6; Declaration of Stephanie Powell dated June 18, 2009 ("Powell Decl.") ¶¶ 3-6; Declaration of Benjamin Weber dated June 17, 2009 ("Weber Decl.") ¶¶ 3-5.) Plaintiffs identify specific individuals who participated in the tip pools and who

only performed limited service functions, while exercising managerial functions such as hiring, disciplining and firing employees, supervising activity, assigning employees to specific sections of the restaurant, dealing with customer complaints, conducting pre-shift meetings, and controlling schedules and vacations. (Delaney Decl. ¶¶ 6-16; Duverger Decl. ¶¶ 7-17; Feld Decl. ¶¶ 7-17; Powell Decl. ¶¶ 7-17; Weber Decl. ¶¶ 6-16.) Plaintiffs also point to a schedule from December, which lists those same individuals as "Maitre D'/Managers" and a tip-out sheet showing those individuals received tips. (Declaration of Denise A. Schulman dated June 26, 2009 Ex. 3: Maitre D'/Manager Schedule, Ex. 4: Tip-out spreadsheet.) Plaintiffs contend that for either all, or some portion of their employment, they were paid less than the federal minimum wage. (Delaney Decl. ¶ 2; Duverger Decl. ¶ 2; Feld Decl. ¶ 2; Powell Decl. ¶ 2; Weber Decl. ¶ 2.)

According to Defendants, the individuals identified by Plaintiffs include both managers, who did not participate in the tip pool, and service captains, who did. (Park Decl. ¶¶ 10-12.) Defendants assert that the latter spend the majority of their time performing customer service duties. Defendants provide declarations from current employees—the Director of Operations, a service captain, and servers—who state that the service captains coordinate food from the kitchens for their servers, seat diners, take orders, serve food and wine, notify the kitchen of special requirements, and field customer complaints. (Park Decl. ¶¶ 13-14; Declaration of Roberto Araujo dated July 9, 2009 ("Araujo Decl.") ¶¶ 5-6; Declaration of Sueshi Maeda dated May 20, 2009 ("Maeda Decl.") ¶ 6; Declaration of Bate Ning dated May 21, 2009 ¶ 5; Declaration of Jung Ki Park dated June 3, 2009 ¶ 7; Declaration of Juliana Kenworthy dated June 3, 2009 ¶¶ 7.) According to these declarants, service captains may report information

regarding servers to management and communicate management's decisions to other employees, but they do not have the power to hire, fire or discipline employees. (Park Decl. ¶¶ 15-17; Araujo Decl. ¶ 7; Maeda Decl. ¶ 6.)

## DISCUSION

Under the FLSA, an employer must pay employees the full hourly minimum wage, unless: (1) the hourly wage plus the employee's tips equal or exceeds the federal minimum wage; and (2) the employee retains all tips received, although tips may be pooled with employees "who customarily and regularly receive tips." 28 U.S.C. § 203(m). If the tip pool includes employees who do not customarily and regularly receive tips, the employer must pay them the full minimum wage. See, e.g., Chung v. New Silver Palace Rest., 246 F. Supp. 2d 230 (S.D.N.Y. 2002). Plaintiffs assert that because employees who do not customarily and regularly receive tips shared in the tip pool at Japonais, Defendants improperly took advantage of the tip credit and paid them less than minimum wage.

## I. Conditional Certification

Under the FLSA, potential class members to a collective action must affirmatively opt-in to be covered by the suit. 29 U.S.C. § 216(b). The statute of limitations continues to run on a potential class member's claim until he or she files written consent with the Court. 29 U.S.C. § 256(b). Although the FLSA does not provide for notice of the collective action, courts have discretion to authorize such notice. See Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 170-71 (1989); Toure v. Cent. Parking Sys. of N.Y., 05 Civ. 5237 (WHP), 2007 WL 2872455, at *2 (S.D.N.Y. Sept. 28, 2007). The court examines the pleadings and affidavits to determine

whether the class members are similarly situated. Toure, 2007 WL 2872455, at *2. If the court is satisfied, it "conditionally certifies" the class action. Toure, 2007 WL 2872455, at *2.

Plaintiff must make a "modest factual showing sufficient to demonstrate that [he] and [the class members] together were victims of a common policy or plan that violated the law." Toure, 2007 WL 2872455, at *2 (quoting Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)); see also Amendola v. Bristol-Myers Squibb Co., 558 F. Supp. 2d 459, 467 (S.D.N.Y. 2008); Realite v. Ark Rests. Corp., 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998). The court must determine whether there is a "factual nexus between the [named plaintiff's] situation and the situation of other current and former [employees]." Toure, 2007 WL 2872455, at *2 (quoting Hoffman, 982 F. Supp. at 262); see also Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 322 (S.D.N.Y. 2007); Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 91, 95 (S.D.N.Y. 2003). The standard for conditionally certifying a collective action is a "lenient evidentiary standard." Anglada v. Linens n' Things Inc., 06 Civ. 12901 (CM) (LMS), 2007 WL 1552511, at *3 (S.D.N.Y. Apr. 26, 2007); see also Toure, 2007 WL 2872455, at *2. After discovery, defendant may move to de-certify the class if discovery reveals that plaintiffs are not similarly situated. Toure, 2007 WL 2872455, at *3; Fasanelli, 516 F. Supp. 2d at 321.

As an initial matter, Defendants argue that this Court should disregard the declarations submitted by Plaintiffs because they are not based on personal knowledge and include hearsay. The also assert that the declarations are contradictory and that Defendants should have the opportunity to depose the declarants. However, the declarations are all submitted under penalty of perjury and state that that the declarant personally witnessed the facts set forth. In addition, the Court does not find any significant contradictions in the declarations.

Finally, Defendants will have the opportunity to take the declarants' depositions and can move to de-certify the class if there is a basis to do so at a later stage. See, e.g., Hoffman, 982 F. Supp. at 262 ("[C]ourts have endorsed the sending of notices early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management"); Toure, 2007 WL 2872455 (certifying class after limited discovery). Therefore, this Court considers the declarations.

Plaintiffs' declarations establish that they were all required to participate in a tip pool that included employees who were not the type of employee that customarily and regularly receives tips. They also establish that at least for some period of their employment they were paid less than the federal minimum wage because Defendants took advantage of the tip credit. This is sufficient to meet the modest factual showing that the Covered Employees were "victims of a common policy or plan that violated the law" and that there is a factual nexus between the plaintiffs' situation and that of the Covered Employees. While Defendants' declarations suggest that there are issues of fact regarding whether service captains are the type of employee that customarily and regularly receives tips, that issue cannot be resolved at this preliminary stage.

Defendants also argue that because the tip-out policy resulted in some employees being treated differently, the Covered Employees are not similarly situated. However, while the Covered Employees may have received different amounts in tips, they were all paid less than minimum wage. Therefore, the Covered Employees are similarly situated.

Finally, contrary to Defendants' arguments, there is no requirement in this circuit that a certain number of Covered Employees opt-in before a court can conditionally certify a class. See Pefanis v. Westway Diner, Inc., 08 Civ. 002 (DLC), 2008 WL 4546526, at *1

(S.D.N.Y. Oct. 8, 2008) (certifying class despite the fact that no one had consented to join the suit other than the named plaintiff); Cuzco v. Orion Builders, Inc., 477 F. Supp. 2d 628 (S.D.N.Y. 2007) (same). In any case, nine individuals have chosen to join the suit at this time, which is sufficient to show the interest of other Covered Employees in this action.

Accordingly, Plaintiffs' motion for conditional certification is granted.

II. Notice

Under the FLSA, the content of the notice is left to the court's discretion. "Courts consider the overarching policies of the collective suit provisions" and whether the proposed notice provides "accurate and timely notice concerning the pendency of the collective action, so that [an individual receiving the notice] can make an informed decision about whether to participate." Fasanelli, 516 F. Supp. 2d at 323.

Plaintiffs' proposed notice with Plaintiffs' modifications provides adequate and timely notice.[1] Defendants contend that the notice should: (1) include more information about Defendants' defenses; (2) warn that opt-in plaintiffs will be subject to discovery obligations and could be liable for Defendants costs if they prevail; (3) require opt-in plaintiffs to sign under penalty of perjury; and (4) require consent forms to be mailed to the Court rather than Plaintiffs' counsel. Yet, because the description of Plaintiffs' FLSA claim is brief, the statement that "Japonais denies that they violated the Fair Labor Standards Act" is sufficient. Defendants cite no other Court that has required a notice to warn opt-in plaintiffs of potential discovery

---

[1] Plaintiffs propose to clarify that to be included the individual must have worked as a "non-managerial, tipped employee (including servers, lounger servers, bartenders, service bartenders, barbacks, food runners, bussers, and assistant bussers)."

-7-

obligations and liability for Defendants' costs or required plaintiffs to sign the consent form on penalty of perjury. Finally, while some courts have required consent forms to be mailed to the Court rather than counsel, others have not. Compare Hallissey v. Am. Online, Inc., 99 Civ. 3785 (KTD), 2008 WL 465112, at *4 (S.D.N.Y. Feb. 19, 2008) (requiring consent forms to be mailed to the Court "to prevent discouraging [the opt-in plaintiffs] from seeking outside counsel"); with Francis v. A&E Stores, Inc., 06 Civ. 1638 (CS)(GAY), 2008 WL 469858 (S.D.N.Y. Oct. 16, 2008) (approving notice that required consent forms to be sent to counsel). Because the notice states that opt-in plaintiffs can select their own counsel, there is only a minimal risk that opt-in plaintiffs will be discouraged from seeking their own counsel.

Accordingly, the notice, with the modifications proposed by Plaintiffs, is approved.

III. Discovery

Plaintiffs seek a computer-readable list of all non-managerial, tipped employees of Japonais within the last three years with name, last known mailing address, alternate address (if any), all known telephone numbers, social security numbers, and dates of employment. Plaintiffs propose that the parties execute a stipulation of confidentiality with regard to the social security numbers. District courts have split over requests for the disclosure of social security numbers. Compare Patton v. Thomson Corp., 364 F. Supp. 2d 263, 268 (E.D.N.Y. 2005) (approving disclosure) with Chowdhury v. Duane Reade, Inc., 06 Civ. 2295 (GEL), at *6 (S.D.N.Y. Oct. 2, 2007) (denying disclosure). The Court does not see the need to direct the disclosure of social security numbers at this stage. If Plaintiffs find that a large number of

notices are returned as undeliverable, the Court can consider the matter at that time. Accordingly, Defendants shall produce a computer-readable list of all non-managerial, tipped employees employed by Japonais within the last three years with name, last known mailing address, alternate address (if any), all known telephone numbers, and dates of employment.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for conditional certification of the FLSA collective action, approval of the proposed notice and request for discovery is granted in part and denied in part.

Dated: September 22, 2009
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Daniel Maimon Kirschenbaum, Esq.
Joseph & Herzfeld LLP
757 Third Avenue, 25th Floor
New York , NY 10017
*Counsel for Plaintiffs*

Barbara Gross, Esq.
Littler Mendelson, P.C.
900 Third Avenue
New York , NY 10022
*Counsel for Defendants*